FILED
2023 Apr-26 PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **CHERELLE FLETCHER, *et al.*,** | **§** | |
| | **§** | |
| **Plaintiffs,** | **§** | |
| | **§** | |
| **v.** | **§** | **Case No. 5:21-cv-01433-LCB** |
| | **§** | |
| **BEN CRUMP LAW, PLLC, and ROMANUCCI & BLANDIN, LLC,** | **§** | |
| | **§** | |
| | **§** | |
| **Defendants.** | **§** | |

**OPINION & ORDER**

Cherelle Fletcher, individually, as personal representative of the Estate of Dana Sherrod Fletcher, and as the next friend of her minor daughter, brings this legal malpractice action against Ben Crump Law, PLLC, and Romanucci & Blandin, LLC ("the Current Action"). (Doc. 1.)

At the Court's hearing on April 11, 2023, it became clear that there was a conflict between Cherelle Fletcher and her attorney, Shayla Fletcher. Upon listening to credible testimony from Cherelle Fletcher, the Court concluded that there was clear and convincing evidence that Shayla Fletcher repeatedly acted in wholesale contravention of her client's explicit directives. Following the hearing, the Court issued an order stating that Shayla Fletcher had until 9:00 AM on April 19, 2023, to show cause as to why she should not be subject to sanctions for her conduct. The Court also gave Shayla Fletcher the opportunity to have a hearing on that very issue.

But Shayla Fletcher neither filed a timely response nor availed herself of a hearing. Thus, for the following reasons, the Court **IMPOSES SANCTIONS** on Shayla Fletcher in the form of **DISQUALIFICATION** from acting as an attorney in this lawsuit.

## I. BACKGROUND

This lawsuit relates to a separate action, *Cherelle Fletcher*, *et al.* v. *City of Madison*, *et al.*, 5:21-cv-01432-LCB ("the Separate Action"),[1] which is now on appeal before the Eleventh Circuit. In 2019, the Fletcher family had an altercation with police officers that, tragically, ended with the death of the father, Dana Fletcher. As a result of that altercation, Cherelle Fletcher hired Ben Crump Law, PLLC, and Romanucci & Blandin, LLC, to represent the Fletcher family in a civil lawsuit. (Doc. 1 at 2–3.) Before that lawsuit was filed, for reasons irrelevant to this Order, Crump and Romanucci terminated representation. (Doc. 1 at 5.) Finding themselves in need of counsel, the Fletcher family became represented by Shayla Fletcher, an attorney and the sister of Dana Fletcher. (Doc. 57 at 29.) Shortly thereafter, Plaintiffs filed the Separate Action against several defendants. (S.A. Doc. 1.) That same day, Plaintiffs also filed this legal malpractice action against Crump and Romanucci. (Doc. 1.)

[1] The Court will use "S.A. Doc." to identify documents filed in the Separate Action.

On February 17, 2023, this Court dismissed the Separate Action on *Weiland* grounds.[2] (S.A. Doc. 84.) Just hours before the Court entered that order, Cherelle Fletcher personally filed a four-page handwritten letter with the Court in which she requested that both the Current and Separate Actions be dismissed in their entireties. (S.A. Doc. 83.) The first line of the letter stated: "I desire to dismiss the cases individually and as a representative of the Estate of Dana Sherrod Fletcher, deceased, and also dismiss the claims of my minor daughter V.F." (S.A. Doc. 83 at 1.) A few weeks after the Court's dismissal of the Separate Action, Shayla Fletcher filed a notice of appeal. (S.A. Doc. 88.) The Plaintiffs on appeal remained the same.

In April 2023, the Court realized that, due to a clerical oversight, Cherelle Fletcher's letter had not been filed in the Current Action, so the Court rectified that oversight by entering the letter in the record with a note that it was filed on February 17, 2023. (Doc. 45.) The Court then issued an order scheduling a hearing for April 11, 2023, "to determine what, if any, conflict exists between Plaintiffs and their attorney regarding the ultimate disposition of this matter and whether [it] should move forward." (Doc. 46 at 2.) In the order, the Court cited Alabama Rule of Professional Conduct 1.2(a), which requires an attorney to "abide by a client's decisions concerning the objectives of representation." (Doc. 46 at 2.) The Court

[2] Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313 (11th Cir. 2015).

ordered Cherelle Fletcher to appear at the scheduled hearing. In response to the Court's order, and two days before the hearing, Cherelle Fletcher filed a second letter with the Court, along with several exhibits documenting her communication with her attorney, Shayla Fletcher. (Doc. 51.)

At the beginning of the hearing on April 11, 2023, the Court read into the record Alabama Rules of Professional Conduct 1.2(a) and 1.16(a)(3), which involve an attorney's duty to abide by her client's objectives and duty to withdraw once representation has terminated. (Doc. 57 at 3.) The Court then took sworn testimony from Cherelle Fletcher, heard arguments from Shayla Fletcher, and admitted exhibits containing emails and text messages exchanged between them.

Three days after the hearing, on April 14, 2023, the Court issued an order requiring Shayla Fletcher to show cause no later than 9:00 AM on April 19, 2023, as to why she should not be sanctioned for her conduct under the Court's inherent authority, Northern District of Alabama Local Rule 83.1(f), and Federal Rule of Civil Procedure 11(c) for filing writings with the Court that appeared to violate Rule 11(b). (Doc. 56 at 3–5.) In the order, the Court also stated that upon Shayla Fletcher's motion, the Court would schedule a hearing on the issue at 10:00 AM on April 19, 2023. (Doc. 56 at 5.) Shayla Fletcher did not file a timely response to the show cause order, and she did not move for a hearing.

## II. DISCUSSION

The Court found Cherelle Fletcher's testimony at the April 11th hearing to be very credible. After considering the evidence—the evidence being Cherelle Fletcher's letters filed with the Court, her documented exchanges with Shayla Fletcher, and the live testimony of the witnesses—the Court concludes that Cherelle Fletcher had clearly and consistently expressed to her attorney, Shayla Fletcher, her intent to dismiss her claims and those of her daughter, V.F., in the Current and Separate Actions.[3] The Court finds that Cherelle Fletcher and Shayla Fletcher had agreed that the Estate's claims in the Current and Separate Actions would continue with Shayla Fletcher as the sole personal representative.

The Court found Shayla Fletcher's testimony to be evasive and less than credible at times. Her representations to the Court and her excuses as to why she had not taken action to comply with her client's objectives and/or withdraw as the attorney in the Current Action were vague and misleading. For instance, when the hearing began, Shayla Fletcher introduced herself only as the attorney for the Estate and V.F. (Doc. 57 at 3.) She later repeated that statement, claiming she had not acted

---

[3] The Court recognizes that the Eleventh Circuit now has jurisdiction over the Separate Action, and it emphasizes that this Order sanctions Shayla Fletcher only for her actions taken in the Current Action. However, because the Plaintiffs and their attorney are identical in the Current and Separate Actions, testimony regarding the attorney-client relationship in the Current Action necessarily overlaps with the Separate Action.

on Cherelle Fletcher's behalf but rather was only there to represent the Estate and V.F. (Doc. 57 at 20.) Her statements did not align with the record, as Cherelle Fletcher remained the only named Plaintiff, and Shayla Fletcher was still listed as her attorney of record. Additionally, Shayla Fletcher did not advance a single legitimate excuse for why, at the very least, she had failed to withdraw as the attorney for both Cherelle Fletcher and V.F. Even assuming she was uncertain as to how Cherelle Fletcher's intent to dismiss the Current and Separate Actions affected the interests of the Estate and V.F., Shayla Fletcher had been aware of that issue since early February 2023, and she had sufficient time to resolve it before the April 11th hearing.

In light of those findings and the analysis given below, the Court concludes that Shayla Fletcher's conduct not only violates the Alabama Rules of Professional Conduct and Federal Rule of Civil Procedure 11, but it also amounts to bad faith. Thus, the Court relies on its authority under Northern District of Alabama Local Rule 83.1(f), Federal Rule of Civil Procedure 11(c)(1), and its inherent authority to sanction Shayla Fletcher in the form of disqualification from this lawsuit.

**A. Ethical Violations Under the Local Rules**

The Supreme Court has described the attorney-client relationship as a "quintessential principal-agent relationship." *C.I.R. v. Banks*, 543 U.S. 426, 436 (2005). While a client may "rely on the attorney's expertise and special skills to

achieve a result the client could not achieve alone[,] . . . the client retains ultimate dominion and control over the underlying claim." *Id.* In civil cases, the client, or the plaintiff, must be the one to "determine whether to settle or proceed to judgment and make, as well, other critical decisions." *Id.*

The Supreme Court's statements are echoed in states' rules of professional conduct, which help define the attorney-client relationship in each jurisdiction. The Alabama Rules of Professional Conduct require an attorney to "abide by a client's decisions concerning the objectives of representation." Ala. R. Pro. Conduct 1.2(a). They also state that an attorney "shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client, if . . . the lawyer is discharged." Ala. R. Pro. Conduct 1.16(a)(3).

The Local Rules for the Northern District of Alabama mandate that attorneys appearing before the Court follow the Local Rules and both the Alabama Rules of Professional Conduct and the American Bar Association Model Rules of Professional Conduct. N.D. Ala. L.R. 83.1(f). Local Rule 83.1(f) provides that violations of any of those rules may result in a variety of sanctions, including "removal from a particular case." *Id.* In other words, if an attorney violates an ethical rule, then disqualification may be an appropriate sanction. *See Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 755 (11th Cir. 2006) (affirming disqualification order where district court found a violation of the Georgia Rules of

Professional Conduct). When a district court disqualifies an attorney based on an ethics violation, the "court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997).

In this case, there is clear and convincing evidence that Shayla Fletcher violated Alabama Rules of Professional Conduct 1.2(a) and 1.16(a)(3).[4] In February 2023, Cherelle Fletcher, the named Plaintiff in the Current Action and Shayla Fletcher's client, told Shayla Fletcher *repeatedly* that she wanted to dismiss the Current Action (and Separate Action). (Doc. 50 at 2 and Doc. 50-1 at 1−10.) Based on that undisputed fact, Shayla Fletcher had a duty to abide by her client's objectives and dismiss the Current Action. And Shayla Fletcher even initially told Cherelle Fletcher that she would follow through with Cherelle Fletcher's directive. (Doc. 50-1 at 4.)

At the hearing, the Court learned that Shayla Fletcher and Cherelle Fletcher were co-personal representatives of the Estate.[5] Based on what the Court heard at the hearing, the Court acknowledges that there may be some ambiguity as to whether

---

[4] As an aside, by violating the Alabama Rules, Shayla Fletcher has also violated American Bar Association Model Rules of Professional Conduct 1.2(a) and 1.16(a)(3), which are identical to Alabama's Rules. Model Rules of Pro. Conduct r. 1.2(a), r. 1.16(a)(3) (Am. Bar Ass'n 1983).

[5] For reasons unknown to the Court, in the Current Action, only Cherelle Fletcher was listed as the personal representative of the Estate.

Shayla Fletcher could have immediately dismissed the Current Action in its entirety. For instance, dismissal of the claims brought by the Estate and V.F. might well require the appointment of a sole personal representative in probate court and possible appointment of a guardian *ad litem* to represent the interests of V.F. However, no ambiguity prevented Shayla Fletcher from dismissing Cherelle Fletcher individually from the Current Action.

Not only did Shayla Fletcher fail to take steps to abide by Cherelle Fletcher's objective to dismiss the Current Action, but she continued to represent Cherelle Fletcher and V.F. after representation had terminated. Shayla Fletcher explained to Cherelle Fletcher that she had to withdraw due to a conflict of interest, and she even sent Cherelle Fletcher a formal letter stating that their attorney-client relationship terminated on February 17, 2023. (Doc. 50-1 at 7, 12.) Roughly two months passed between that date and the hearing on April 11th. Yet during that period, Shayla Fletcher did not comply with her duty to withdraw, nor did she explain to Cherelle Fletcher why she had not done so. Shayla Fletcher still could have withdrawn after Cherelle Fletcher filed her second letter with the Court, which stated that Shayla Fletcher was no longer her attorney and had no authority to take any legal action on her or her daughter's behalf. (Doc. 50 at 7.) Instead, Shayla Fletcher ignored her duty; she continued to hold herself out as counsel for all Plaintiffs, and her appearance remained entered in the Current Action.

Shayla Fletcher's actions, or inactions, rather, are textbook violations Alabama Rules of Professional Conduct 1.2(a) and 1.16(a)(3). She had ample opportunity to comply with her client's objectives and/or withdraw from the Current Action. Due to those violations, the Court finds that removal of Shayla Fletcher as an attorney in the Current Action is an appropriate sanction, as permitted under Local Rule 83.1(f).

**B. Federal Rule of Civil Procedure 11**

Federal Rule of Civil Procedure 11(b) states that when an attorney presents a "pleading, written motion, or other paper" to the court, the "attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] it is not being presented for any improper purpose, . . . and the factual contentions have evidentiary support." Fed. R. Civ. P. (11)(b)(1), (3). "Rule 11 authorizes the district court to sanction a party who files a pleading containing a false factual representation if that party knew of, or did not reasonably inquire into, the falsehood." Fed. R. Civ. P. 11(b), (c)(1); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) ("Rule 11 sanctions are proper when a party files a pleading that has no reasonable factual basis [or] when the party files a pleading in bad faith for an improper purpose." (internal citation omitted)).

Here, while Cherelle Fletcher remained the named Plaintiff, Shayla Fletcher submitted five written filings in this matter. (Docs. 42, 43, 51, 52, and 54.) Those filings occurred after Cherelle Fletcher told Shayla Fletcher to dismiss the Current Action and after February 17, 2023, when Shayla Fletcher's representation of Cherelle Fletcher terminated. (Doc. 50-1 at 12.) Given those facts, the Court finds that there is clear and convincing evidence that such filings contain false factual representations, specifically that Shayla Fletcher still served as Cherelle Fletcher's attorney. The Court also finds that Shayla Fletcher knew such representations were false because the letter she sent Cherelle Fletcher stating that representation had terminated proves that she was aware of such fact at the time of the filings.

Because Shayla Fletcher's actions violated Rule 11(b), the Court determines that Rule 11 sanctions are warranted.

### C. The Court's Inherent Authority

Upon a finding that a party acted in bad faith, courts have inherent authority to impose reasonable and appropriate sanctions. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). "Bad faith" is defined as "'not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'" *United States v.*

*Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999) (citing *Bad Faith, Black's Law Dictionary* (6th ed. 1990)).

The Court finds that there is clear and convincing evidence that while serving as counsel in this lawsuit, Shayla Fletcher acted in bad faith. Shayla Fletcher consciously made the decision to continue litigating the Current Action with Cherelle Fletcher as the named Plaintiff, knowing that Cherelle Fletcher wanted her claims and those of V.F. dismissed, and she never gave a legitimate reason for failing to take *any* action to comply with her client's objective for over a period of roughly two months. At the hearing, the Court asked Cherelle Fletcher if she wanted to move to discharge Shayla Fletcher as the attorney of record. (Doc. 57 at 15.) She said, "Yes," and the Court granted motion. (Doc. 57 at 15.) Instead of accepting her client's decision, Shayla Fletcher showed resistance, immediately protesting and saying, "First of all, that's not due process." (Doc. 57 at 15.) Given those facts, the Court can only classify Shayla Fletcher's motives for continuing to litigate the Current Action as improper or furtive. Therefore, the Court draws upon its inherent authority to impose reasonable and appropriate sanctions.

* * *

Overall, there is clear and convincing evidence that Shayla Fletcher acted in bad-faith and violated Alabama Rules of Professional Conduct 1.2(a) and 1.16(a)(3) and Federal Rule of Civil Procedure 11. The Court, through its show cause order

(Doc. 56), gave Shayla Fletcher notice and an opportunity to be heard on those specific issues, but she chose not to file a timely response.[6]

In light of her lack of a timely response and given the Court's disciplinary authority under Local Rule 83.1(f), Rule 11, and its inherent powers, the Court concludes that disqualifying Shayla Fletcher from serving as counsel in the Current Action is an appropriate sanction.

## III. CONCLUSION

The Court thus **ORDERS** sanctions to be imposed on Shayla Fletcher in the form of **DISQUALIFICATION**. Shayla Fletcher may no longer serve as counsel for any party in this matter.

[6] The Court notes that two days before it entered this Order, Shayla Fletcher filed a response to the Court's show cause order. (Doc. 58.) The response, however, was filed five days past the deadline, and it made no mention as to *why* it was untimely. As such, the Court did not consider it in the above analysis. That said, the Court wants to address one point that Shayla Fletcher made: that she "put the Court on notice" of the representation issues in the Separate Action and "sought an opportunity for guidance from this Court." (Doc. 58 at 1.) Not only did Shayla Fletcher fail to give the Court notice of specific representation issues in the Current Action, but also her so-called "notice" in the Separate Action did not put the issues squarely in front of this Court. The day before Cherelle Fletcher filed her first letter with the Court, Shayla Fletcher, on behalf of all Plaintiffs, filed a motion to continue in the Separate Action, which the Court granted that same day. (Docs. 80 and 81.) The motion stated that "recent instructions of Cherelle [Fletcher] have created a potential conflict of interest that prevents the undersigned from fulfilling her fiduciary obligations to one or more of the plaintiffs. . . . It is unclear whether the undersigned may continue to represent any of the [P]laintiffs, and if so, in what capacity." (Doc. 80 at 1.) Based on that vague description, the Court had no way to deduce that the root of the "potential conflict of interest" was Cherelle Fletcher's instruction to Shayla Fletcher to dismiss both lawsuits. And Shayla Fletcher certainly never "sought an opportunity for guidance from this Court" on that specific conflict. Notably, she did not include supporting evidence to show when or how she sought that guidance. Therefore, it is misleading for Shayla Fletcher to allege that this Court has been aware of the level of conflict between Plaintiffs and their attorney since that motion in the Separate Action was filed.

Because the attorney-client relationship between Cherelle Fletcher and Shayla Fletcher is relevant to the Separate Action on appeal, the Court **ORDERS** Shayla Fletcher to serve the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit with a copy of this Order and then provide proof of such notification to this Court within forty-eight hours of the issuance of this Order.

**DONE** and **ORDERED** April 26, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE